# Order

Michigan Supreme Court
Lansing, Michigan

April 21, 2006

129800

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v

MICHAEL RAY GUSTER,
           Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129800
COA: 256196
Genesee CC: 04-013707-FC

On order of the Court, the application for leave to appeal the September 8, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

The complainant, defendant's girlfriend, accused him of sexually assaulting her. Defendant contended that any sexual contact between them was consensual. The jury believed the complainant and convicted defendant of criminal sexual conduct in the third degree.

Defendant appealed to the Court of Appeals arguing, among other things, that the judge denied him a fair trial by consistently referring to the complainant in the jury's presence as "the victim." The Court of Appeals recognized that the judge had repeatedly used the term "victim" in place of "complainant." But it concluded that the judge's instruction to the jury to disregard any apparent bias by the court was sufficient to protect defendant's rights. I cannot agree.

Conviction or exoneration in this case hinged on the credibility of defendant and of the complainant. The jury's verdict may have teetered on a small point. The trial judge's repeated reference to the complainant as "the victim" could have tipped the jury in favor of conviction.

I am aware that MCL 750.520a(p) defines "the person alleging to have been subjected to criminal sexual conduct" as "the victim." But, referring to the complainant as "the victim" where a factual question exists whether there even was a victim necessarily places the defendant at an unfair disadvantage. In such cases, I believe that the judge should not use the statutory term for the complaining witness during a jury trial.

I disagree with the Court of Appeals conclusion that the curative instruction safeguarded defendant's right to a fair trial. When a judge repeatedly suggests to jurors that there was a victim, it is improbable that a simple instruction suffices to remove the thought from the jurors' minds.

In this case the judge's references to the complainant as the victim had the practical effect of undermining defendant's defense that there had been no victim. For these reasons, I would reverse the decision of the Court of Appeals, vacate defendant's conviction, and remand this case for a new trial.

The facts here illustrate the importance, when cases are tried before juries, of trial judges remaining constantly vigilant not to inappropriately influence jurors' decisions. The right to a fair trial being a cornerstone of our jurisprudence, judges must make every effort to ensure that those accused of committing a crime receive a fair trial. It is crucial for trial judges to remember the powerful influence they exert over juries. A judge's suggestion to the jury that the accuser is truthful places the fairness of the proceedings in doubt, and the standard jury instruction should not be relied on to erase it.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 21, 2006

Corbin R. Davis
Clerk

p0418